```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:21-00163-3

**ROBERT SANDERS, JR.**
*also known as Pookie*

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered on October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while

under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On May 3, 2022, the defendant pled guilty to Count One of the five-count indictment.  Count One of the five-count indictment charged the defendant with conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. § 841(a)(1).  At the time of his original sentencing, the defendant was assessed seven criminal history points, five points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two additional points are known as status points.  The defendant had a Total Offense Level of 31 and a Criminal History Category of IV, for a Guideline range of 151 to 188 months, with a mandatory minimum of at least 10 years.  On September 13, 2022, the court imposed a downward

variant sentence of imprisonment of 121 months on Count One of the five-count indictment, to be followed by 5 years supervised release.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score is now five, which yields a lower Criminal History Category of III.  The new Criminal History Category of III with the Total Offense Level of 31, results in an amended Guideline range of 135 to 168 months as to his offense of conviction.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 121 months on Count One of the five-count indictment, which sentence is already below the minimum of the amended guideline range of 135 to 168 months.  Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Inasmuch as the defendant is not a zero-point offender, he is not eligible for the two-level decrease pursuant to Subpart 1 of Part B of the new §4C1.1 guideline.

Accordingly, it is ORDERED that the defendant's Criminal History Category is amended, and his Criminal History Category is now that of III.  It is further ORDERED that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is hereby DENIED, and the sentence imposed on September 13, 2022, and set forth in the Judgment Order entered on September 21, 2022, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 11, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge